[Cite as *State v. Gordon*, 2018-Ohio-5150.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 103494

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**DEANDRE GORDON**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
APPLICATION DENIED

---

Cuyahoga County Court of Common Pleas
Case Nos. CR-15-594287-A and CR-15-596591-A
Application for Reopening
Motion No. 518764

**RELEASE DATE:** December 19, 2018

**FOR APPELLANT**

Deandre Gordon, pro se
Inmate No. A672720
Marion Correctional Institution
P.O. Box 57
Marion, Ohio 43301


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By:   Christopher D. Schroeder
Assistant County Prosecutor
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio   44113


MARY EILEEN KILBANE, P.J.:

{¶1} On June 22, 2018, the applicant, Deandre Gordon, applied to reopen this court's judgment in *State v. Gordon*, 8th Dist. Cuyahoga No. 103494, 2018-Ohio-1643, in which this court affirmed his convictions for aggravated robbery, felonious assault, and kidnapping. Gordon argues that his appellate counsel was ineffective for not arguing the following: (1) the trial court erred in not merging the three-year firearm specifications, (2) the trial court erred in not granting jail-time credit, (3) trial counsel was ineffective for not appealing the trial court's removal of Gordon's counsel of choice, and (4) the trial court denied Gordon his counsel of choice in violation of the Sixth Amendment to the United States Constitution.   The state of Ohio filed its brief in opposition on July 2, 2018, and Gordon filed a reply brief on July 17, 2018.  For the following reasons, this court denies the application.

{¶2} In January 2015, Gordon, who is a member of the "Loyal Always" gang, was staying at Tevaughn Darling's house. They had been friends for years. Gordon asked Darling to give him some money. Gordon considered Darling's response unsatisfactory and pulled his .45 caliber gun on Darling and told him to give him (Gordon) everything he had. When Darling did not immediately respond, Gordon shot Darling in the foot, dragged him to a back bedroom, and stole $7,300. Gordon threatened to kill Darling if he told anyone and then left by stealing Darling's rental car. Darling subsequently told the police in a video-recorded conversation that Gordon had shot and robbed him.

{¶3} In *State v. Gordon,* Cuyahoga C.P. No. CR-15-594287-A, the Grand Jury indicted him on two counts of robbery, two counts of felonious assault, and one count of kidnapping, all with one- and three-year firearm specifications. During a conference, Gordon's retained counsel showed Gordon Darling's recorded conversation with the police.

{¶4} Very shortly afterwards, an edited version of the video recording appeared on Instagram that made it appear that Darling was informing the police about the Loyal Always gang. Subsequently, Darling complained to the police that their recording had been made public resulting in numerous threats to him, including some by Gordon who had been released on bail.

{¶5} The state sought to revoke Gordon's bond. At the revocation hearing, Gordon's retained counsel admitted he had shown the video to Gordon. The court revoked Gordon's bond and set a new bond at a much higher amount. The Grand Jury indicted Gordon for intimidation in *State v. Gordon,* Cuyahoga C.P. No. CR-15-596591-A. The state then moved to join the two cases and to disqualify retained counsel from both cases. Retained counsel did not dispute joinder but filed a brief in opposition to the disqualification motion. The trial court

granted both motions and noted that retained counsel would be a material witness in the intimidation case. Gordon and his new counsel did not appeal the disqualification order.

{¶6} At trial, the jury convicted Gordon on all counts and specifications in the first case, but found him not guilty of the intimidation charge. The trial judge merged the one- and three-year firearm specifications and merged the two aggravated robbery counts and the two felonious assault counts. The judge sentenced Gordon to two consecutive three-year firearm specifications, consecutive to four years for aggravated robbery, four years for kidnapping, and three years for felonious assault. The prison terms for the main counts were concurrent to each other for a total of ten years.

{¶7} On appeal, Gordon presented the following arguments: (1) the trial court erred in joining the two cases, (2) the trial court erred in allowing prejudicially irrelevant testimony, (3) the trial court erred by failing to properly merge the offenses, (4) the convictions were against the weight of the evidence, and (5) ineffective assistance of trial counsel for failing to object to the joinder and prejudicially irrelevant testimony. This court reversed and remanded for a new trial because the trial court committed plain error by joining the two cases; joinder required Gordon's retained counsel to be removed from the robbery case because he was a material witness in the intimidation case. Once Gordon's retained counsel was removed, he sustained prejudice that outweighed the benefits of the joinder. This court did not examine the other assignments of error. *State v. Gordon*, 8th Dist. Cuyahoga No. 103494, 2016-Ohio-5407.

{¶8} The state appealed to the Supreme Court of Ohio, which reversed the court of appeals decision and remanded the appeal back to this court to determine the other assignments of error. The Supreme Court reasoned that because the initially retained counsel was a material witness in both the robbery and intimidation cases, there was no prejudice in trying the cases

together. Gordon's alleged attempts at intimidating Darling would have been admissible in the robbery case to show Gordon's consciousness of guilt. Only the retained counsel would be in a position to testify that Gordon, and only Gordon, had been shown Darling's video recording. Thus, retained counsel was a material witness to both cases, and the trial court judge could have properly determined that the retained counsel should be disqualified from both cases, even without joinder. *State v. Gordon,* 152 Ohio St.3d 528, 2018-Ohio-259, 98 N.E.3d 251. On remand, this court affirmed Gordon's convictions and sentences. *State v. Gordon,* 8th Dist. Cuyahoga No. 103494, 2018-Ohio-1643.

{¶9} Now Gordon asserts that his appellate counsel was ineffective. In order to establish a claim of ineffective assistance of appellate counsel, the applicant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989); and *State v. Reed*, 74 Ohio St.3d 534, 1996-Ohio-21, 660 N.E.2d 456.

{¶10} In *Strickland,* the United States Supreme Court ruled that judicial scrutiny of an attorney's work must be highly deferential. The court noted that it is all too tempting for a defendant to second-guess his lawyer after conviction and that it would be all too easy for a court, examining an unsuccessful defense in hindsight, to conclude that a particular act or omission was deficient. Therefore, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland* at 689.

{¶11} Specifically, in regard to claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld the appellate advocate's prerogative to decide strategy and tactics by selecting what he thinks are the most promising arguments out of all possible contentions. The court noted: "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Jones v. Barnes*, 463 U.S. 745, 751-752, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). Indeed, including weaker arguments might lessen the impact of the stronger ones. Accordingly, the court ruled that judges should not second-guess reasonable professional judgments and impose on appellate counsel the duty to raise every "colorable" issue. Such rules would disserve the goal of vigorous and effective advocacy. The Supreme Court of Ohio reaffirmed these principles in *State v. Allen*, 77 Ohio St.3d 172, 1996-Ohio-366, 672 N.E.2d 638.

{¶12} Moreover, even if a petitioner establishes that an error by his lawyer was professionally unreasonable under all the circumstances of the case, the petitioner must further establish prejudice: but for the unreasonable error there is a reasonable probability that the results of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. A court need not determine whether counsel's performance was deficient before examining prejudice suffered by the defendant as a result of alleged deficiencies.

{¶13} In the present case, Gordon's arguments on ineffective assistance of appellate counsel are not well taken.

{¶14} Gordon's first argument is that the trial court erred in imposing two consecutive three-year sentences for firearm specifications. Gordon relies upon a former provision of the

Ohio Revised Code, Section 2929.14(D)(1)(b) that provided that a court shall not impose more than one prison term on an offender for firearm specifications for felonies committed as part of the same act or transaction. Gordon further cites *State v. Stevens,* 179 Ohio App.3d 97, 2008-Ohio-5775, 900 N.E.2d 1037 (2d Dist.), in which the court granted an application to reopen on the strength of division (D)(1)(b). However, this reliance is misplaced.

{¶15} Effective September 9, 2008, the General Assembly enacted R.C. 2929.14(D)(1)(g) that provides in pertinent part as follows:

> If an offender is convicted of * * * two or more felonies, if one or more of those felonies are * * * aggravated robbery, felonious assault, or rape, and if the offender is convicted of * * * a specification of the type described under division (B)(1)(a) of this section [which includes the three-year firearm specification] in connection with two or more of the felonies, the sentencing court shall impose on the offender the prison term specified under division (B)(1)(a) of this section for each of the two most serious specifications of which the offender is convicted * * *.

Thus, this statute required the trial court judge to impose consecutive three-year firearm specifications. Moreover, the General Assembly subordinated division (D)(1)(b) to division (D)(1)(g). Today, division (D)(1)(b) is incorporated into R.C. 2929.14(B)(1)(b), and it is still subordinated to the above-quoted statutory provision that is now R.C. 2929.14(B)(1)(g). Accordingly, the judge properly sentenced Gordon, and his argument is baseless.

{¶16} Next, Gordon argues that his appellate counsel failed to argue that the trial court erred by not granting jail-time credit as required by R.C. 2929.19(B)(2)(f) and 2967.191. A review of the sentencing entry reveals that the judge did not grant jail-time credit. Nevertheless, Gordon has not been prejudiced by the court's omission. R.C. 2929.19(B)(2)(f)(iii) grants the trial court continuing jurisdiction to correct any error not previously raised at sentencing in granting jail-time credit. Thus, Gordon can still obtain his credit by filing a proper motion.

Gordon complains that it is unreasonable to compel him to file a motion when his appellate counsel could have and should have done it for him. Given the ease with which such could be done and the number of such motions this court has seen, the court rejects Gordon's argument. He has not been permanently harmed; there is no prejudice.

{¶17} Gordon's other two assignments of error are variations on the same argument: the trial court erred by removing his retained counsel. This argument is not well founded because the Supreme Court of Ohio has determined that the trial court properly disqualified his attorney.

{¶18} Accordingly, this court denies the application to reopen.

_____
MARY EILEEN KILBANE, PRESIDING JUDGE

TIM McCORMACK, J., and
PATRICIA ANN BLACKMON, J., CONCUR