[Cite as *State v. Kernall*, 2019-Ohio-3070.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-180613 |
| | | TRIAL NO. B-1802104 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| | | |
| KEONTAE KERNALL, | : | |
| | | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  July 31, 2019

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Arenstein & Gallagher, William Gallagher* and *Elizabeth Conkin,* for Defendant-Appellant.

**CROUSE, Judge.**

{¶1}   Defendant-appellant Keontae Kernall appeals from the trial court's October 16, 2018 judgment entry finding that Kernall violated his community-control sanctions and imposing a sentence of 12 months' imprisonment.   For the reasons set forth below, we affirm the trial court's judgment.

## I. Facts and Procedure

{¶2}   On June 13, 2018, Kernall pled guilty to one count of trafficking in cocaine, a felony of the fifth degree.  On June 20, 2018, the trial court sentenced Kernall to three years of community control.  During the sentencing hearing, the court advised Kernall that it would impose a 12-month prison term for a violation of community control.

{¶3}   On September 27, 2018, the Hamilton County Adult Probation Department filed a complaint against Kernall, alleging that Kernall had violated the conditions of his community control by (1) failing to conduct himself properly by obtaining five new misdemeanor capiases, (2) failing to report to the probation department on two separate occasions, (3) failing to show proof of employment verification, and (4) failing to report to the Court Clinic for a substance-abuse assessment.  Kernall pled no contest to the violations.  Finding that the culmination of violations constituted a nontechnical violation of Kernall's community control, the trial court entered a "Judgment Entry Revoking Community Control" and imposed a sentence of 12 months in prison.

{¶4}   Kernall assigns the following errors for our review:

1. The Twelve-Month Sentence of Imprisonment is Contrary to Law Because the Trial Court Re-Imposed the Original Sentence for the Underlying Offense Prosecuted in Case No. B-1802104.

2. The Twelve-Month Sentence of Imprisonment is Contrary to Law Because the Trial Court Considered Conduct Not Included in the Complaint for Failure to Comply with the Terms of his Community Control in Sentencing Kernall.

3. The Twelve-Month Sentence of Imprisonment is Contrary to Law Because the Trial Court Abused its Discretion in Finding Kernall's Violations of Community Control were "Non-Technical."

For the sake of clarity, we elect to address assignments of error two and three out of order.

### III. Law and Analysis

{¶5} Under R.C. 2953.08(G)(2), this court may vacate or modify a sentence only if we clearly and convincingly find that the record does not support the mandatory findings, or that the sentence is otherwise contrary to law. *State v. White*, 2013-Ohio-4225, 997 N.E.2d 629, ¶ 9-11 (1st Dist.).

#### 1. Kernall's First Assignment of Error

{¶6} In his first assignment of error, Kernall argues that his 12-month sentence is contrary to law because the trial court simply reimposed the original sentence for the underlying offense, as opposed to imposing an appropriate sanction for the violation of community control.

{¶7} "With the passage of Am.Sub.S.B. No. 2 in 1995, community control replaced probation as a possible sentence under Ohio's felony sentencing law." *State v. Talty*, 103 Ohio St.3d 177, 2004-Ohio-4888, 814 N.E.2d 1201, ¶ 16. "Community control differs from former sentencing procedures in that the trial court no longer suspends execution of the prison term * * * as a part of granting probation." *State v. Curtis*, 143 Ohio App.3d 314, 315, 757 N.E.2d 1237 (1st Dist.2001). Instead, the sentencing court

orders the offender directly to submit to community-control sanctions. *Id.* When a defendant violates a condition of community control, the court imposes a sanction for that violation. The court does not revoke community control and impose the "original sentence" for the underlying offense.

{¶8} We agree with Kernall that the trial court's statements, as well as the title and language of the judgment entry, suggest that the trial court intended to revoke community control and impose the "original sentence" for trafficking in cocaine. However, Kernall has failed to show how the trial court's misclassifications amount to a sentence that is contrary to law.

{¶9} If the conditions of a community-control sanction are violated, the sentencing court may impose (a) a longer time under the same sanction, (b) a more restrictive sanction, including but not limited to, a new term in a community-based correctional facility, halfway house, or jail, or (c) a prison term. R.C. 2929.15(B)(1). Any prison term imposed must be within the range of prison terms available for the underlying offense and must not exceed the prison term specified in the notice provided to the offender at the sentencing hearing. R.C. 2929.15(B)(3). In the notice provided to Kernall at the sentencing hearing, the trial court specified that it would impose a prison term of 12 months for a violation of community control. Accordingly, when Kernall violated his community control, the trial court had the authority to impose, at the maximum, a 12-month prison term. Therefore, Kernall's sentence is not contrary to law and his first assignment of error is overruled.

## 2. Kernall's Third Assignment of Error

{¶10} In his third assignment of error, Kernall argues that his 12-month sentence is contrary to law because the trial court erroneously determined that his violations of community control were nontechnical. Kernall contends that his

4

violations were merely "technical violations," and therefore, he could only be sentenced to a maximum prison term of 90 days under R.C. 2929.15(B).

{¶11} R.C. 2929.15(B) governs the penalties available to the sentencing court when an offender violates community control. The Ohio legislature recently amended R.C. 2929.15(B) to place limitations on prison terms imposed for violations of a community-control sanction for certain fourth- or fifth-degree felonies. 2017 H.B. 49 ("H.B. 49"). R.C. 2929.15(B) provides in pertinent part:

(B)(1) If the conditions of a community control sanction are violated or if the offender violates a law or leaves the state without the permission of the court or the offender's probation officer, the sentencing court may impose upon the violator one or more of the following penalties:

* * *

(c) A prison term on the offender pursuant to [the felony sentencing statute and not to exceed the term specified at the sentencing hearing], provided that a prison term imposed under this division is subject to the following limitations, as applicable:

(i) If the prison term is imposed for any technical violation of the conditions of a community control sanction imposed for a felony of the fifth degree or for any violation of law committed while under a community control sanction imposed for such a felony that consists of a new criminal offense and that is not a felony, the prison term shall not exceed ninety days.

(ii) If the prison term is imposed for any technical violation of the conditions of a community control sanction imposed for a felony of the fourth degree that is not an offense of violence and is not a sexually

oriented offense or for any violation of law committed while under a community control sanction imposed for such a felony that consists of a new criminal offense and that is not a felony, the prison term shall not exceed one hundred eighty days.

{¶12} The limitations set forth in R.C. 2929.15(B)(1)(c) apply only to "technical violations." The term "technical" is not defined in the statute and the term is neither clear nor unambiguous. Therefore, because this is a matter of first impression in this district, we must first consider the legislative history and the circumstances under which H.B. 49 was enacted.

{¶13} As discussed by the Eighth District Court of Appeals, H.B. 49 was a budget bill. *See State v. Catron-Wagner*, 8th Dist. Cuyahoga No. 106887, 2019-Ohio-153, ¶ 36. Gary Mohr, Director of the Ohio Department of Rehabilitation and Correction, testified before the House Finance Committee that H.B. 49 was "a prudent policy to invest in people" and to reduce Ohio's prison population. In particular, H.B. 49 was aimed to divert low-level, drug-related offenders from the state prison system. According to Mohr, H.B. 49 "strikes the appropriate balance between treating those drug addicted Ohioans in the community, while maintaining the Department's obligation to protect the public by safely incarcerating those who commit more serious offenses." By reforming and limiting criminal sentencing, the purpose of the relevant provisions in H.B. 49 was to "improve[] outcomes for offenders, reduce[] recidivism, and lower incarceration costs to Ohio taxpayers."

{¶14} With this legislative intent in mind, we next consider cases from other districts wherein an identical argument was raised. In *Catron-Wagner*, the defendant violated her community-control sanctions by twice testing positive for alcohol and submitting unacceptable AA meeting sheets. *Catron-Wagner* at ¶ 16. On appeal, the

defendant contended that her violations were "technical violations," and therefore, the trial court was bound by the 180-day limitation under R.C. 2929.15(B)(1)(c)(ii). The Eighth District agreed, concluding that " 'technical violations' constitute, in some, but not all, circumstances, violations of community control sanctions that are neither new criminal offenses nor felony offenses." *Id.* at ¶ 35. Instead of formulating a bright-line test, however, the Eighth District chose to analyze each case on the particular facts presented to determine whether the violations "evidence a wholesale failure to engage in the terms of * * * community control." *Id.* at ¶ 39. Although a product of sound reasoning, we do not adopt the rule in *Catron-Wagner* because its case-by-case analysis provides very little guidance to the trial courts.

{¶15} Kernall urges us to hold that technical violations are those violations of the community-control sanction which are not criminal in nature. Kernall bases his argument on the definition set forth in *State ex rel. Taylor v. Ohio Adult Parole Auth.*, 66 Ohio St.3d 121, 124, 609 N.E.2d 546 (1993), citing *Inmates' Councilmatic Voice v. Rogers*, 541 F.2d 633 (6th Cir.1976) ("Technical violations are those violations of the terms and conditions of the parole agreement which are not criminal in nature such as failure to report to the parole officer, association with known criminals, leaving employment, leaving the State, etc."). However, *Taylor* and *Inmates Councilmatic* were interpreting technical violations of parole, not technical violations under R.C. 2929.15(B)(1)(c).

{¶16} We find cases from the Second and Sixth Appellate Districts more persuasive and instructive. In *State v. Nelson*, 2d Dist. Champaign No. 2018-CA-5, 2018-Ohio-4763, the defendant violated his community-control sanctions by contacting a woman with whom he was ordered to have no contact. The no-contact sanction was specifically tailored to the defendant to address his problematic consumption of alcohol.

On appeal, the defendant argued that his violations were noncriminal in nature, and therefore, "technical violations" for which R.C. 2929.15(B)(1)(c)(ii) applied to limit his sentence. The Second District disagreed, finding that the term "technical" implies it has meaning distinct from "non-criminal" violations. *Id.* at ¶ 30, citing *State v. Mannah*, 5th Dist. Fairfield No. 17-CA-54, 2018-Ohio-4219, ¶ 14 ("Had the legislature intended R.C. 2929.15(B)(1)(c)(i) to apply to all violations of community control which were non-criminal in nature, it could have specifically stated so in the statute."). Following Fifth District jurisprudence, the Second District adopted a bright-line test distinguishing between " 'an administrative requirement *facilitating* community control *supervision*,' " the violation of which would be "technical," and " 'a substantive rehabilitative requirement which *addressed a significant factor contributing to appellant's criminal conduct*,' " the violation of which would be "non-technical." *Id.* at ¶ 32. Based on this distinction, the Second District held that the defendant's contact with the woman, although noncriminal in nature, was a nontechnical violation for purposes of R.C. 2929.15(B)(1)(c)(ii).

{¶17} In *State v. Calhoun*, 6th Dist. Wood No. WD-17-067, 2019-Ohio-228, the Sixth District adopted the rationale set forth in *Mannah* and *Nelson*. The defendant in *Calhoun* violated his community-control sanctions by absconding from reporting to his probation office in West Virginia. The placement of the defendant's community-control supervision in West Virginia, as opposed to Ohio, was specifically tailored to allow the defendant access to his ongoing education, full-time lawful employment, and custody of his two minor children. On appeal, the defendant contended that his violations met the intended definition of a "technical violation," and therefore, the trial court was bound by the 90-day limitation under R.C. 2929.15(B)(1)(c)(i). The Sixth District disagreed, holding that

8

> common sense and the evident purpose for trial courts to retain broad discretion to both determine revoking a community control sanction and then to fashion an appropriate sanction for that violation lead us to view the General Assembly did not intend "technical violations" to impede a court's discretion to sanction under the totality of the circumstances to specifically tailor substantive rehabilitative requirements designed to address the offender's conduct.

*Id.* at ¶ 30. Based on that rationale, the Sixth District concluded that the defendant's violation of a specifically-tailored condition cannot be considered a technical violation of community control "where the special condition was a substantive rehabilitative requirement which addressed a significant factor contributing to [defendant's] criminal conduct." (Internal citations omitted.) *Id.*

{¶18} We agree with the Fifth, Second, and Sixth Districts to the extent that a "technical violation" is a violation of any requirement which merely facilitates community-control supervision. *See Nelson* at ¶ 32. However, we also agree with the Eighth District's rationale that an offender's violations of community control can be considered under the totality of the circumstances. "[T]he General Assembly did not intend for individuals who [never report to probation or who fail to engage in any of the conditions of community control] to be considered 'technical' violators." *State v. Stanko*, 8th Dist. Cuyahoga No. 106886, 2019-Ohio-152, ¶ 10. Therefore, the inquiry under R.C. 2929.15(B)(1)(c) is two-fold. An offender's significant failure to comply with any substantive rehabilitative requirement which was specifically-tailored to the offender's underlying conduct is not a technical violation for purposes of R.C. 2929.15(B)(1)(c). In addition, if the offender engages in a pattern of conduct that

demonstrates a failure to comply with the community-control sanction as a whole, this is also not a technical violation.

{¶19}   Kernall is not entitled to the 90-day limitation under either rationale.  On June 13, 2018, Kernall pled guilty to one count of trafficking in cocaine.  That same day, Kernall reported to the Hamilton County Adult Probation Department for a presentence-investigation report, where he tested positive for cocaine and marijuana.  On June 20, 2018, the trial court sentenced Kernall to three years of community control and, pursuant to the probation department's referral, required Kernall to complete substance-abuse treatment as a special condition of community control.  However, Kernall failed to attend substance-abuse orientation scheduled for August 6, 2018.  It is apparent from his conduct subsequent to August 6—twice failing to report to the probation department—that Kernall never intended to reschedule the substance-abuse orientation.  As of October 16, 2018, the date of the community-control-violation hearing, Kernall never attended, or even began, substance-abuse treatment.  This conduct constitutes a significant failure to comply with a substantive rehabilitative requirement that was specifically tailored to Kernall's underlying conduct, and is not a technical violation for purposes of R.C. 2929.15(B)(1)(c).

{¶20}   The record also shows Kernall's lack of efforts at complying with the numerous conditions of his community-control sanctions.  In addition to failing to report to substance-abuse treatment, Kernall also failed to report to the probation department on two separate occasions, failed to show proof of employment verification, and obtained five new misdemeanor capiases.  While each of these violations alone would likely constitute either a technical violation or a violation of law that is not a felony, the cumulative effect of the violations amounts to a pattern of conduct that demonstrates a failure to comply with the community-control sanction as a whole.

Therefore, Kernall is not entitled to the 90-day limitation under R.C. 2929.15(B)(1)(c)(i), and his third assignment of error is overruled.

### 3. Kernall's Second Assignment of Error

{¶21} In his second assignment of error, Kernall argues that his sentence is contrary to law because the trial court considered prejudicial conduct not included in the probation department's complaint. Although Kernall mentioned that the conduct was "not really a part of the violation anyway," he failed to object to the lack of written notice. Instead, he chose to address the allegations in mitigation. Because this issue was not properly raised by Kernall before the trial court, we review for plain error.

{¶22} To successfully assert that a trial court committed plain error, the defendant must show that the error is both obvious from its face and prejudicial. *State v. Gordon*, 152 Ohio St.3d 528, 2018-Ohio-259, 98 N.E.3d 251, ¶ 23. Plain error exists only if, but for the error, the outcome of the proceeding would have been different. *State v. Moreland*, 50 Ohio St.3d 58, 62, 552 N.E.2d 894 (1990). "[T]he plain error rule should be applied with utmost caution and should be invoked only to prevent a clear miscarriage of justice." *State v. Underwood*, 3 Ohio St.3d 12, 14, 444 N.E.2d 1332 (1983).

{¶23} Minimum requirements of due process apply to community-control-revocation hearings. *State v. King*, 1st Dist. Hamilton No. C-010330, 2002-Ohio-373, *2. "These requirements include (1) written notice of the claimed violations; (2) disclosure of the evidence against the offender; (3) an opportunity to be heard in person and to present evidence; (4) the right to confront and cross-examine adverse witnesses; (5) a neutral and detached magistrate, and (6) written findings of fact stating the evidence relied on and the reasons for revocation." *Id.*

**{¶24}** By way of formal complaint, Kernall received written notice of four claimed community-control violations: (1) failing to conduct himself properly by obtaining five new misdemeanor capiases, (2) failing to report to the probation department on two separate occasions, (3) failing to show proof of employment verification, and (4) failing to report to the Court Clinic for substance-abuse assessment. At some point, a community-control-violation report was submitted to the trial court and an in-chambers discussion was held regarding its contents. The report alleged additional violations of community control, which were read into the record after Kernall pled no contest. The additional violations included, but were not limited to, an instance where Kernall ran from two probation officers, was taken into custody, and had to be tased.

**{¶25}** It is unclear whether the report and/or its contents were ever disclosed to Kernall personally. It is clear, however, that Kernall was confused by the court's recitation of its contents at the October 16 hearing. Therefore, we cannot confidently say that Kernall was afforded his due-process right of prior written notification. However, Kernall has not demonstrated any prejudice from the error. Kernall admitted to, and pled no contest to, four other violations. Based on the facts before the court and Kernall's plea of no contest, the trial court found Kernall guilty of violating community control and imposed an appropriate sanction. Therefore, it was not plain error to admit the additional violations of community control without prior written notice. Kernall's second assignment of error is overruled.

### *IV. Summary*

**{¶26}** Having considered each of Kernall's assignments of error, we cannot find that the 12-month sentence is contrary to law. We accordingly affirm the trial court's judgment.

Judgment affirmed.

**MOCK, P.J.,** and **MYERS, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.

