[Cite as *State v. Perkins*, 2020-Ohio-3658.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

STATE OF OHIO,                           :

    Plaintiff-Appellee,            :

                                      No. 108086

    v.                             :

RAYSHAUN PERKINS,                        :

    Defendant-Appellant.           :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 9, 2020

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-17-623480-B

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Jennifer M. Meyer, Assistant Prosecuting Attorney, *for appellee.*

Edward M. Mullin, *for appellant.*

EILEEN A. GALLAGHER, J.:

{¶ 1} Defendant-appellant Rayshaun Perkins appeals following a jury trial. Perkins was convicted of five counts of aggravated robbery, two counts of aggravated burglary, five counts of felonious assault, four counts of kidnapping and one count of having weapons while under disability. All counts, except for having weapons

while under disability, contained multiple specifications including both one- and three-year firearm specifications. The court imposed a 25-year prison sentence. We affirm.

**Relevant Factual and Procedural Background**

{¶ 2} The following was adduced at trial and is not disputed on appeal. On October 12, 2016, a robbery and shootout occurred at the Prodigy Cuts Barbershop on Storer Avenue in Cleveland, Ohio. At the time, inside the barbershop, was the shop owner, another barber and two customers, one of whom was a five-year-old boy. Perkins' codefendant at trial, Ross Sumlin, Jr., entered the barbershop claiming that he was seeking service. Unbeknownst to the people inside, Sumlin was actually in the shop to serve as a lookout. The shop owner told Sumlin to have a seat in the waiting area. Sumlin sat down and began using his phone. Approximately two minutes later, two men, identified at trial as Perkins and Deshon Pennyman,[1] entered the barbershop with guns drawn. The owner testified that the assailants ordered them to "empty [their] pockets and not to move."

{¶ 3} Both the owner and the barber were carrying concealed pistols and drew them. Gunfire was exchanged. The five-year-old boy was hit by a bullet in his foot and taken to the hospital for treatment. The shop owner was grazed by a bullet.

{¶ 4} Pennyman was shot in the chest. Pennyman and Perkins escaped in a vehicle driven by a friend named "Anthony," leaving Sumlin behind. Pennyman

---

[1] Pennyman, who was 16 at the time of the crime, entered an agreement with the state to testify at trial in exchange for being treated as a juvenile for sentencing purposes.

testified that they were not concerned about leaving Sumlin behind because as far as anybody in the barbershop knew, Sumlin "had nothing to do with the [shootout]." Shortly thereafter, Sumlin fled the barbershop as well, though not before sustaining a gunshot wound himself. Pennyman was dropped off at the hospital for treatment where he was subsequently arrested and identified by the barbershop owner as one of the assailants.

{¶ 5} Following a joint trial, Perkins and Sumlin were found guilty of all counts.

{¶ 6} On appeal, Perkins raises two assignments of error:

I. Appellant was denied effective assistance of counsel in violation of the Sixth Amendment of the United States Constitution when his attorney failed to:

> 1. File a motion for relief from prejudicial joinder and insist that appellant be tried separate from his co-defendant.

> 2. Defense counsel failed to object to admissible hearsay thereby allowing inadmissible hearsay to be heard by the jury when the witness/speaker was not able to be cross-examined by defense counsel.

II. The trial court abused its discretion by failing to order separate trials for appellant and his co-defendant.

## I. Ineffective Assistance of Counsel

{¶ 7} In the first assignment of error, Perkins alleges that he was denied the effective assistance of counsel because defense counsel: (1) did not file a motion for relief from prejudicial joinder and (2) did not object to inadmissible hearsay.

{¶ 8} A criminal defendant has the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674

(1984). To establish ineffective assistance of counsel, a defendant must demonstrate: (1) deficient performance by counsel, i.e., that counsel's performance fell below an objective standard of reasonable representation, and (2) that counsel's errors prejudiced the defendant, i.e., a reasonable probability that but for counsel's errors, the result of the trial would have been different. *Id.* at 687-688, 694; *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus; *see also State v. Ford*, 158 Ohio St.3d 139, 2019-Ohio-4539, 140 N.E.3d 616, ¶ 391 ("Reversal of a conviction for ineffective assistance of counsel requires that the defendant show, first, that counsel's performance was deficient and second, that the deficient performance prejudiced the defendant so as to deprive the defendant of a fair trial."). "Reasonable probability" is "probability sufficient to undermine confidence in the outcome." *Strickland* at 694.

{¶ 9} Perkins does not explain how the joinder of himself and Sumlin for trial prejudiced him. Rather, he merely states, and without offering any support, that trial counsel failed to address "apparent" issues of prejudicial joinder. Moreover, he concludes, and with no explanation, that counsel failing to seek severance constitutes ineffective assistance of counsel. Perkins articulates no basis by which this court can conclude that counsel's performance here was deficient or that it prejudiced him. We will not infer a basis for him.

{¶ 10} Perkins also claims that trial counsel was ineffective because he did not object to allegedly inadmissible hearsay testimony. The testimony at issue occurred during direct examination of one of the investigating detectives in the

context of how Perkins came to be included in a photo array to be shown to a victim. The alleged inadmissible hearsay occurred during the following exchange:

[Prosecutor]: So, fair to say that you did receive the name of Rayshaun Perkins prior to speaking with Deshon Pennyman?

[Detective]: Yes.

[Prosecutor]: Do you recall how you learned that name?

[Detective]: If I'm not mistaken, it was from his mother.

Tr. 632.

{¶ 11} Perkins argues that the detective's statement about what the mother said was inadmissible hearsay. That is incorrect.

{¶ 12} Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid.R. 801(C). In this case, the detective was testifying as to the course of the investigation and explaining the reason why Perkins was included in a photo array.

{¶ 13} "Ohio courts have long held that out-of-court statements are admissible to explain the actions of a police officer during an investigation and are not hearsay." *State v. Johnson*, 2018-Ohio-1389, 110 N.E.3d 800, ¶ 44 (8th Dist.), citing *State v. Davis*, 116 Ohio St.3d 404, 2008-Ohio-2, 880 N.E.2d 31; *see also State v. Carter*, 8th Dist. Cuyahoga No. 104653, 2017-Ohio-5573, ¶ 47, quoting *State v. Blevins*, 36 Ohio App.3d 147, 149, 521 N.E.2d 1105 (10th Dist. 1987) ("'[W]here statements are offered to explain an officer's conduct while investigating a crime,

such statements are not hearsay.'"). As such, the detective's statement was not hearsay. Counsel, thus, had no basis upon which to object to the statement as inadmissible hearsay and, accordingly, was not deficient for failing to do so. Moreover, Perkins does not claim any prejudice resulted from this testimony.

{¶ 14} We overrule the first assignment of error.

## II. Prejudicial Joinder

{¶ 15} In the second assignment of error, Perkins argues that the trial court abused its discretion because it did not order separate trials for Perkins and Sumlin.

{¶ 16} In relevant part, Crim.R. 8(B) provides that "[t]wo or more defendants may be charged in the same indictment * * * if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses, or in the same course of criminal conduct." Generally, the law and public policy favor joinder of defendants. *State v. Hall*, 8th Dist. Cuyahoga No. 90365, 2009-Ohio-461, ¶ 51. However, "[i]f it appears that a defendant * * * is prejudiced by a joinder * * * of defendants in an indictment * * * or by such joinder for trial together of indictments * * *, the court shall * * * grant a severance of defendants, or provide such other relief as justice requires." Crim.R. 14; see also *State v. Brinkley*, 105 Ohio St.3d 231, 2005-Ohio-1507, 824 N.E.2d 959, ¶ 29 (defendant bears burden of proving prejudice).

{¶ 17} Perkins did not object to the joinder of defendants and he did not ask the trial court for severance.[2] As such, our review is for plain error, not abuse of discretion. *State v. Gordon*, 152 Ohio St.3d 528, 2018-Ohio-259, 98 N.E.3d 251, ¶ 22.

{¶ 18} The Supreme Court has instructed courts to notice plain error "'with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.'" *Id.* at ¶ 23, quoting *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus. In order to show plain error, a defendant must evidence an error that "constitutes an obvious defect in the trial proceedings and demonstrate that the error affected the outcome of the trial." *Id.*, citing *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 22.

{¶ 19} Perkins claims that the joinder of defendants prejudiced him for several reasons. We find none to be meritorious.

{¶ 20} For example, Perkins claims that Sumlin's counsel made statements "to implicate Appellant in the indicted offenses" and provides citation to two such instances that occurred during closing arguments.

{¶ 21} The first instance appears to be merely a misstatement that counsel corrected himself:

---

[2] We note that while represented by counsel, Perkins filed a pro se "motion to disqualify counsel," claiming amongst other things counsel failed to file a "motion to joinder [sic]" and a "motion to bifurcate." *But see State v. Mongo*, 8th Dist. Cuyahoga No. 100926, 2015-Ohio-1139, ¶ 14, citing *State v. Washington*, 8th Dist. Cuyahoga Nos. 96565 and 96568, 2012-Ohio-1531, ¶ 11 ("[W]hen counsel represents a criminal defendant, a trial court may not entertain a defendant's pro se motion."). Nevertheless, review of the record reflects that Perkins' motion to disqualify counsel was withdrawn.

Deshon says, initially, that Ross called Worm, Mr. Perkins, right? That's what he says in his initial interview. Or no, I'm sorry. That's incorrect. That's incorrect. He says in his initial interview that Ross called Anthony.

Tr. 732. This is not plain error.

**{¶ 22}** The second instance is similarly benign:

[Sumlin's Counsel:] Deshon testified that his mother begged him to tell because he didn't tell right away, right? He waited about four months. Then mom said, hey, you know what? Why don't you say Ross [Sumlin], Mr. Perkins --

[Prosecutor]: Objection.

[The Court]: Overruled.

[Sumlin's Counsel:] Alright. Let's talk a little bit about Detective Duke * * *.

Tr. 737.

**{¶ 23}** We find the other purported instances of prejudice that Perkins claims from the joinder to be similarly unavailing. Moreover, Perkins fails to provide any indication as to where in the record these instances are evidenced.

**{¶ 24}** Nevertheless, Perkins claims his "presence at the trial table" with Sumlin, "who claimed zero involvement in the crimes" caused the jury to assume that Perkins was himself guilty. Perkins also claims that Sumlin's counsel "pointed his finger at Appellant." Even if we were to assume that this all occurred, and in spite of Perkins failure to demonstrate any of it on the record, none of it is plain error. Further, we note that as previously mentioned Sumlin was found guilty alongside Perkins.

**{¶ 25}** Perkins also claims, though without any support from the record, that he and Sumlin presented conflicting defenses. It is true that antagonistic defenses may provide a basis for severing codefendants. *See, e.g., State v. Klinkner*, 10th Dist. Franklin Nos. 13AP-469, 13AP-521 and 13AP-595, 2014-Ohio-2022, ¶ 19 ("Defenses are mutually antagonistic where each defendant attempts to exculpate himself and inculpate his co-defendants."). Review of the record here reflects that neither Perkins nor Sumlin presented any defense, let alone an antagonistic defense.

**{¶ 26}** We overrule the second assignment of error.

**{¶ 27}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

EILEEN A. GALLAGHER, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR