The STATE of Ohio, Appellee,

v.

NERO, Appellant.

[Cite as *State v. Nero* (1998), 125 Ohio App.3d 529.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 72226.

Decided Feb. 2, 1998.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *L. Christopher Frey,* Assistant Prosecuting Attorney, for appellee.

*Patrick E. Talty,* for appellant.

NAHRA, Judge.

Appellant, Eric Nero, brings this appeal following his conviction for a violation of R.C. 2911.12, burglary. At his sentencing, appellant, represented by counsel, was told by the judge he would receive a sentence of five years' incarceration, a $250 fine plus court costs, and three years' postrelease control.

Shortly following his sentencing, the judge recalled appellant to the courtroom during his co-defendant's sentencing and questioned appellant's statements regarding details of the burglary in light of the co-defendant's statements. Appellant's counsel was not present and the judge told appellant, "I'm going to tell you something, if I find out you lied to me, your sentence is going to be increased to the maximum sentence allowed under the law. Do you understand that?"

The judgment entry indicates that appellant's sentence is eight years' incarceration, a $250 fine plus court costs, and five years' postrelease control.

Appellant's sole assignment of error reads:

"Defendant was denied due process as required by the Sixth Amendment of the United States Constitution when he was sentenced without benefit of counsel."

Appellant argues that because he was sentenced without representation of counsel, his sentencing violates his constitutional right to counsel as well as Crim.R. 44(A), and that this court should vacate his current sentence and impose the original five-year sentence as orally pronounced by the trial court.

Appellee does not dispute that the judge erred in sentencing appellant. However, appellee argues that the judge violated Crim.R. 43 when it imposed its sentence outside the presence of defendant and that the proper remedy is for this court to remand this cause to the trial court for sentencing in accord with law.

Crim.R. 43 provides:

"(A) Defendant's Presence. The defendant shall be present at the arraignment and every stage of the trial, including the impaneling of the jury, the return of the verdict, and the imposition of sentence, except as otherwise provided by these rules."

We have held that Crim.R. 43(A) requires that the defendant be before the court when sentence is imposed. *State v. Ranieri* (1992), 84 Ohio App.3d 432, 616 N.E.2d 1191; *State v. Walton* (1990), 66 Ohio App.3d 243, 583 N.E.2d 1106.

Crim.R. 44 provides in part:

"(A) Counsel in Serious Offenses. Where a defendant charged with a serious offense is unable to obtain counsel, counsel shall be assigned to represent him at every stage of the proceedings from his initial appearance before a court through appeal as of right, unless the defendant, after being fully advised of his right to assigned counsel, knowingly, intelligently, and voluntarily waives his right to counsel."

In *State v. Bush* (1994), 97 Ohio App.3d 20, 646 N.E.2d 193, the court held that the sentencing of a defendant without counsel or waiver thereof is invalid.

In this case, we find that the court erred by entering a sentence of eight years' incarceration, a $250 fine plus court costs, and five years' postrelease control, where appellant was not present and was unrepresented by counsel. The issue, therefore, in this case is to determine the proper remedy.

In *State v. Bell* (1990), 70 Ohio App.3d 765, 772–773, 592 N.E.2d 848, 852–853, the defendant was orally sentenced to a term of eight to fifteen years; however, the journal entry of defendant's sentencing indicated a sentence of twelve to fifteen years. After finding that the trial court violated Crim.R. 43(A), we vacated the journalized sentence and reinstated the trial court's original

sentence pursuant to our authority under App.R.12(B). *Id.* at 773, 592 N.E.2d at 853. Other cases finding that a trial court violated Crim.R. 43(A) have remanded the cause for sentencing in accord with law. See, *e.g., Ranieri, supra; Walton, supra.*

In this case, appellant, represented by counsel, was sentenced in open court to five years' incarceration, a $250 fine plus court costs, and three years postrelease control. We find that this sentence, originally imposed by the judge in open court, was conducted in accordance with law and as in *Bell, supra,* we find it proper to reinstate the court's original sentence.

Accordingly, under the authority of App.R. 12(B), we hereby reinstate the sentence of five years' incarceration, a $250 fine plus court costs, and three years' postrelease control. The trial court's judgment entry, as filed for journalization on March 7, 1997, reads in part as follows:

"It is therefore, ordered and adjudged by the court that said defendant, Eric Nero, is sentenced to Lorain Correctional Institution for a term of 8 years and pay a fine of $250.00. Post relief control 5 years. Pay court costs."

This part of the trial court's journal entry is amended and judgment of sentence is modified to read as follows:

"It is therefore, ordered and adjudged by the court that said defendant, Eric Nero, is sentenced to Lorain Correctional Institution for a term of 5 years and pay a fine of $250.00. Post relief control 3 years. Pay court costs."

The judgment of the trial court is thus modified and affirmed, as modified. This cause is remanded to the trial court with instructions to direct the Clerk of Courts to forward a certified copy of this journal entry to the institution to which defendant is sentenced.

*Judgment accordingly.*

DYKE, P.J., and SPELLACY, J., concur.