On this appeal from a verdict and sentencing order of Judge Shirley Strickland Saffold, I concur in part, but dissent with respect to Solomon's sentence. The transcript reveals that the sentencing occurred immediately after the bench trial, and states as follows:
 And the Court is prepared to proceed to sentencing at this time. If there is anything that either of you have to say prior to the Court imposing sentence, you may speak now.
 It will be five years and costs, five years at the Lorain Correctional Institution. [Thereafter Solomon was advised of his appeal rights.]
The journal entry, however, states in pertinent part:
 THE COURT IMPOSES A PRISON TERM OF 5 YEARS AT LORAIN CORRECTIONAL INSTITUTION. THE SENTENCE INCLUDES ANY EXTENSIONS PROVIDED BY LAW. DEFENDANT TO PAY COURT COSTS AND A FINE OF $250. DEFENDANT ADVISED OF APPEAL RIGHTS.
The State did not appeal the sentence. Because Solomon was not advised that mandatory post-release control was part of his sentence, upon his release such control cannot be imposed.[1] Moreover, while Crim.R. 32(C) requires that the journal entry set forth the sentence, the one filed in Solomon's case does not accurately reflect the sentence imposed in open court. It was entered in violation of Crim.R. 43, and the $250 fine cannot be imposed.[2] This court should modify the judgment of sentence to reflect only a five-year term of incarceration.[3]
[1] Woods v. Telb (2000), 89 Ohio St.3d 504, 733 N.E.2d 1103, paragraph two of the syllabus.
[2] State v. Nero (1998), 125 Ohio App.3d 529, 531-532, 708 N.E.2d 1080,1081.
[3] Id.