{¶ 23} On this appeal from the sentence imposed by Judge Jose A. Villanueva, I concur but write separately to note that during sentencing Hayes was not advised that he may be subject to up to three years of post-release control or the other mandated advisements about penalties should he violate the terms of such control.[1] The journal entry documenting the sentence, however, contains the statement: "POST RELEASE CONTROL IS PART OF THIS PRISON SENTENCE FOR THE MAXIMUM ALLOWED FOR THE ABOVE FELONY UNDER R.C. 2967.28."
 {¶ 24} A judge cannot impose by journal entry what was not pronounced in the defendant's presence,[2] nor can he impose as part of a sentence a term of post-release control that is within the discretion of the Parole Authority.[3] Post-release control, therefore, is not part of Hayes' sentence and cannot be imposed following his release from prison.[4]
[1] R.C. 2929.19(B)(3)(d), (e), and (f).
[2] Crim.R. 43; State v. Nero (1998), 125 Ohio App.3d 529, 531-532,708 N.E.2d 1080.
[3] R.C. 2929.19(B)(3)(d), 2967.28(C); State v. Brown, Cuyahoga App. No. 80725, 2002-Ohio-5468, at ¶ 23-24.
[4] Wood s v. Telb, 89 Ohio St.3d 504, 2000-Ohio-171,733 N.E.2d 1103.