[Cite as *State v. Patrick*, 2013-Ohio-3821.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

STATE OF OHIO,                                    :

    Plaintiff-Appellee,                       :
                                      Case No. 12CA16

    v.                                            :

                                         DECISION AND
RONALD L. PATRICK,                               :    JUDGMENT ENTRY

    Defendant-Appellant.                       :    RELEASED 08/28/2013

_____

APPEARANCES:

Brian A. Smith, Barberton, Ohio, for Appellant.

Brigham M. Anderson, Lawrence County Prosecuting Attorney, and W. Mack Anderson, Lawrence County Assistant Prosecuting Attorney, Ironton, Ohio, for Appellee.

_____

Hoover, J.

{¶ 1} Defendant-appellant, Ronald Patrick, appeals the judgment of the Lawrence County Common Pleas Court convicting him of three counts of aggravated drug trafficking and sentencing him to six years in prison. On appeal, Patrick contends that the trial court's sentencing entry imposed a longer prison term than that established at his sentencing hearing, and that the sentencing entry improperly includes a forfeiture specification. Patrick further contends ineffective assistance of counsel.

{¶ 2} Upon review, we conclude that the sentence stated by the trial court in its sentencing entry, i.e., "six years," differed from the sentence announced at the sentencing hearing, i.e., "five years." Further, the sentencing entry is contrary to law in that it included a forfeiture specification despite the fact that the State never sought such specification.

Accordingly, Patrick's sentence is reversed and vacated; and this cause is remanded to the trial court for resentencing.

{¶ 3} Patrick was indicted by the Lawrence County Grand Jury on three counts of aggravated trafficking in drugs: Counts 1 and 2 being felonies of the third degree in violation of R.C. 2925.03(A)(1)(C)(1)(b), and Count 3 being a felony of the second degree in violation of R.C. 2925.03(A)(1)(C)(1)(c). Counsel was appointed; and Patrick was arraigned wherein he pled not guilty.

{¶ 4} Patrick subsequently agreed to plead guilty to all three charges. A plea hearing was held, during which the trial court fully apprised Patrick of his rights. Patrick knowingly, voluntarily, and intelligently waived those rights and agreed to plead guilty to the charges.

{¶ 5} On June 6, 2012, a sentencing hearing was conducted. At the conclusion of the hearing, the trial court imposed a sentence as follows:

> The court weighing the statements of counsel and the defendant and weighing the purposes and principle guidelines of the Ohio Revised Code Section 2929.11 and the seriousness and recidivism factors under 2929.12 and following the guidelines of 2929.13 does hereby sentence you to five years in the appropriate penal institution. On count, on the F-2 aggravated trafficking in drugs, F-2, three years post release control and a ten thousand dollar fine, one year drivers license suspension, on the two counts of the F-3, three years each, three years post release control all concurrent for a total of a five year prison term.

{¶ 6} However, in its July 9, 2012 Judgment Entry (aka "sentencing entry"), the trial court sentenced Patrick to six years of incarceration, and included a "property specification" on one of the third degree felony charges.

{¶ 7}   Patrick assigns three errors for our review:

First Assignment of Error:

> Appellant's sentence of six years in prison constituted a violation of Rule 43 of the Ohio Rules of Criminal Procedure, and a denial of Appellant's right to confrontation as required by the Sixth Amendment of the United States Constitution and Article I, Section 10 of the Ohio Constitution.

Second Assignment of Error:

> The failure of Appellant's trial counsel to object to, or otherwise correct, the trial court's sentencing entry constituted ineffective assistance of counsel.

Third Assignment of Error:

> The trial court erred in including a forfeiture specification in Appellant's Judgment Entry of sentencing.

{¶ 8}   The Supreme Court of Ohio has set forth the standard of review on a trial court's imposition of a felony sentence:

> "[A]ppellate courts must apply a two-step approach when reviewing felony sentences.  First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law.  If this first prong is satisfied, the trial court's decision in imposing the term of imprisonment is reviewed under the abuse-of-discretion standard."  *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 26.

{¶ 9}   In his first and third assignments of error, Patrick contends that the trial court's sentencing entry is contrary to law because (1) the sentence specified in the sentencing entry is inconsistent with the sentence stated from the bench during the sentencing hearing; and (2) the

sentencing entry included a forfeiture specification despite the State never taking the necessary steps to acquire forfeiture.

{¶ 10} Crim.R. 43 provides a criminal defendant the right to be present at every stage of the criminal proceedings including the imposition of sentence and any modification of a sentence. Crim.R. 43(A)(1); *State v. Porter*, 4th Dist. Pickaway No. 08CA26, 2009-Ohio-3112, ¶ 34. Thus, "[b]ecause the defendant's presence is required when the court imposes sentence, the trial court errs when its judgment entry of sentence differs from the sentence that it announced at the sentencing hearing in the defendant's presence." *State v. Kovach*, 7th Dist. Mahoning No. 08-MA-125, 2009-Ohio-2892, ¶ 28, citing *State v. Jordan*, 10th Dist. Franklin No. 05AP-1330, 2006-Ohio-5208, ¶ 48.

{¶ 11} In this case, Patrick's sentence is contrary to law because the sentence announced by the trial court at the hearing differed from that in the sentencing entry. This difference is material, in that it increased Patrick's sentence by a year, and violated his right under Crim.R. 43 to be present during sentencing. Appellee does not dispute that the trial court erred in this regard.

{¶ 12} We also find that the trial court's inclusion of a forfeiture specification in the sentencing entry was contrary to law. "R.C. 2981.04(A)(1) requires the State to insert a forfeiture of property specification in 'the complaint, indictment, or information charging the offense[.]' R.C. 2981.04(A)(1)(b) requires the State to describe the property in the specification." *State v. Green*, 4th Dist. Lawrence No. 07CA33, 2008-Ohio-2284, ¶ 8.

{¶ 13} In the case sub judice, the State did not include a specification in the indictment.

{¶ 14} Despite the failure to include a specification in the indictment, R.C. 2981.04(A)(2) states:

If any property is not reasonably foreseen to be subject to forfeiture at the time of

filing the indictment, information, or complaint, the trier of fact still may return a

verdict of forfeiture concerning that property in the hearing described in division

(B) of this section if the prosecutor, upon discovering the property to be subject to

forfeiture, gave prompt notice of this fact to the alleged offender or delinquent

child under Criminal Rule 7(E)[.]

{¶ 15} Here, the State admits that "no property forfeiture was initiated or sought by the [State]." Therefore, because the State did not include a specification in the indictment or otherwise notify Patrick pursuant to Crim.R. 7(E) that it was seeking property forfeiture, we find that the trial court erred when it released its sentencing entry including a forfeiture specification. A review of the sentence hearing transcript further corroborates Patrick's and the State's contention that forfeiture was not a part of Patrick's sentence.

{¶ 16} Accordingly, we sustain Patrick's first and third assignments of error, as the sentencing entry violated Crim.R. 43 and R.C. 2981.04, and was thus, contrary to law.

{¶ 17} In his second assignment of error, Patrick contends that he received ineffective assistance from counsel because his trial counsel failed to correct or object to the trial court errors prior to signing the sentencing entry. Because we have sustained his first and third assignments of error, Patrick's second assignment of error is moot.

{¶ 18} Finally, we are left to determine the appropriate remedy on appeal. Patrick contends that we should modify the sentencing entry and reinstate the original five year sentence as orally pronounced by the trial court; as well as modify the sentencing entry by eliminating the specification language. While the State does not dispute the sentencing errors, it argues that the

appropriate remedy is to remand the cause to the trial court so that the correct sentence can be entered.

{¶ 19} Patrick cites *State v. Nero*, 125 Ohio App.3d 529, 708 N.E2d 1080 (8th Dist.1998), in support of his modification argument. In *Nero*, after announcing a five year sentence at the sentencing hearing, the trial court issued its judgment entry indicating an eight year sentence. *Id*. at 530. On appeal, the Eighth District Court of Appeals determined that the trial court violated Crim.R. 43(A) and further held that the correct remedy was to modify the sentencing entry under the authority of App.R. 12(B) thereby reinstating the sentence announced at the hearing and affirming the sentencing entry as modified. *Id*. at 531-532.

{¶ 20} This court has been faced with a similar issue in *Porter*, supra, 2009-Ohio-3112. In *Porter*, the trial court initially notified defendant at his sentencing hearing that he would be subject to post-release control for a period of three years. *Id*. at ¶ 10, 32. The sentencing entry, however, subjected defendant to five years of post-release control. *Id*. On appeal, the State argued that the error was clerical, and was amenable to a corrective entry under Crim.R. 36. *Id*. at ¶ 33-34. We disagreed, and held that where a defendant is not present for sentencing, we "must vacate the sentence and remand * * * for resentencing." *Id*. at ¶ 35, citing *Jordan*, supra, 2006-Ohio-5208 at ¶ 48-49; *State v. Culver*, 160 Ohio App.3d 172, 2005-Ohio-1359, 826 N.E.2d 367, ¶ 70 (2nd Dist.).

{¶ 21} In the case at hand, we see no reason to stray from our prior decision in *Porter*. Accordingly, we vacate the sentence and remand this case for resentencing. We emphasize, however, that our holding only applies to Patrick's conviction and sentence on Count 3 (the count in which the discrepancy exists between the sentencing entry and sentence announced at the hearing) and to the portion of the sentencing entry that included a "property specification."

Thus, while the trial court must rectify the specific sentencing errors noted in assignments of error 1 and 3, the trial court has no authority to modify other aspects of Patrick's sentence that were not subject to this appeal. *Jordan*, 2006-Ohio-5208 at ¶ 50, citing *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶¶ 10, 11, 19, 30.

{¶ 22}  Patrick's first and third assignments of error are sustained for the reasons set forth above.  Thus, we reverse and vacate the sentencing entry, and remand this cause to the trial court for proceedings consistent with this decision.

JUDGMENT REVERSED AND VACATED,
AND CAUSE REMANDED.

Harsha, J., concurring:

{¶ 23} I concur in judgment and opinion but note that our decision in *State v. Porter, supra,* does not address the question of whether we should enter the appropriate judgment or remand to the trial court with instructions to do so.  Under App.R. 12(A) we may affirm, modify, or reverse the judgment being appealed as is appropriate.  Under App.R.12(B) if we determine the trial court committed prejudicial error and the appellant is entitled to judgment as a matter of law, we must reverse and either enter the appropriate judgment, or remand the cause to the trial court with instructions to render judgment accordingly.

{¶ 24} Here we simply exercise our discretion and remand the matter rather than modifying the trial court's judgment or rendering our own judgment.

**JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS REVERSED AND VACATED, and that the CAUSE IS REMANDED for further proceedings consistent with this opinion.  Appellee shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J.:  Concurs in Judgment and Opinion.
Harsha, J.:  Concurs in Judgment and Opinion with Attached Opinion.

For the Court

By:_____
     Marie Hoover, Judge

**NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.