[Cite as *State v. Sanders*, 2023-Ohio-4551.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-230131 |
| | | TRIAL NO. B-2201549 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| ANTONIO SANDERS, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed in Part, Reversed in Part, Sentence Vacated in Part, and Cause Remanded

Date of Judgment Entry on Appeal: December 15, 2023


*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Keith Sauter*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Matthew S. Schuh*, for Defendant-Appellant.

**KINSLEY, Judge.**

{¶1} After entering a guilty plea, defendant-appellant Antonio Sanders was convicted of robbery, a third-degree felony. The trial court sentenced him to a prison term of 24 months and ordered a no-contact order with the complaining witness. Sanders raises two assignments of error on appeal. First, Sanders argues that the trial court failed to properly advise him of the terms of his postrelease control. Second, Sanders argues that the trial court erred in imposing both a prison term and a no-contact order at sentencing. Because we agree with both of Sanders's arguments, we vacate the no-contact order, reverse the postrelease-control portion of his sentence, and remand the cause for the limited purpose of holding a notification-of-postrelease-control hearing in accordance with R.C. 2929.191. We affirm the trial court's judgment in all other aspects.

### *Factual and Procedural Background*

{¶2} In August 2022, defendant-appellant Antonio Sanders was indicted for robbery in violation of R.C. 2911.02(A)(2), a felony of the second degree. In February 2023, Sanders pled guilty to the reduced charge of third-degree robbery.

{¶3} On February 3, 2023, a plea hearing was held in the Hamilton County Court of Common Pleas. During the hearing, the trial court conducted a plea colloquy and advised Sanders that "[y]ou may have – could have some postrelease control, but I forget how much." The trial court also advised, "[y]ou may have up to three years of postrelease control, but not less than one." The trial court also explained, "[i]f you're on postrelease control and you commit a new felony, then you could be sent back to prison for the remaining postrelease control period, * * *."

**{¶4}** Before ending the hearing, the complaining witness, Nicole Jones, was offered the opportunity to address the trial court. She explained that she wanted Sanders to get help, that she did not want him contacting her anymore, and that she was afraid of him. The trial court advised Jones that an order that he have no contact with her would be made a part of Sanders's sentence. The case was continued to March 1, 2023, for sentencing.

**{¶5}** At the sentencing hearing, the trial court sentenced Sanders to 24 months in the Ohio Department of Rehabilitation and Correction and, as previously promised, ordered him to stay away from Jones. The trial court further advised Sanders that, "the sentence I've imposed is the sentence you will serve without any good-time reduction. You may have up to three years of postrelease control, but not less than one." After being sentenced, Sanders asked to withdraw his plea, which was denied.

**{¶6}** On March 6, 2023, the trial court entered final judgment. In its entry, the trial court ordered that "THE DEFENDANT IS TO STAY AWAY FROM NICOLE JONES." The trial court also ordered that, "AS PART OF THE SENTENCE FOR COUNT #1 IN THIS CASE, THE DEFENDANT SHALL BE SUPERVISED BY THE ADULT PAROLE AUTHORITY AFTER DEFENDANT LEAVES PRISON, WHICH IS REFERRED TO AS POST-RELEASE CONTROL, FOR A PERIOD OF UP TO THREE (3) YEARS BUT NOT LESS THAN ONE (1) YEAR."

**{¶7}** Sanders timely filed this appeal.

### *Assignments of Error*

**{¶8}** Sanders raises two assignments of error on appeal. First, Sanders argues that the trial court failed to properly advise him of the terms of his postrelease

control. Second, Sanders argues that the trial court erred in imposing both a prison term and a no-contact order at sentencing. The state concedes both of Sanders's arguments.

{¶9} "Before a reviewing court can modify or vacate a felony sentence, it must clearly and convincingly find that the sentence is contrary to law or that the record does not support the trial court's findings. Contrary to law means in violation of statute or legal regulations at a given time." (Internal citations and quotation marks omitted.) *State v. Howell*, 1st Dist. Hamilton No. C-200360, 2021-Ohio-2957, ¶ 13.

*Postrelease Control*

{¶10} In his first assignment of error, Sanders argues that the trial court failed to properly advise him that postrelease control was mandatory rather than discretionary. The state concedes that the mandatory nature of the postrelease control was not made clear in the trial court's notification during the sentencing hearing.

{¶11} The trial court has a statutory duty to provide proper notice of post-release control at the sentencing hearing, and any sentence imposed without the requisite notification is contrary to law. *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, ¶ 9.

{¶12} It is undisputed that, because Sanders was convicted of a third-degree felony, postrelease control was mandatory. *See* R.C. 2967.28(B)(4). However, the trial court mistakenly informed Sanders that postrelease control was discretionary. To this end, the trial court continuously advised Sanders that he "may" be placed on postrelease control, when it should have informed Sanders that he "shall" be placed on postrelease control. As previously noted, the state agrees with Sanders that the trial

court's notification was insufficient. We therefore sustain Sanders's first assignment of error.

{¶13} Pursuant to R.C. 2929.191, the trial court may remedy faulty postrelease-control notification by holding a limited resentencing to provide the required notifications. We accordingly reverse the postrelease-control portion of Sanders's sentence and remand the cause for the trial court to hold a notification-of-postrelease-control hearing in accordance with R.C. 2929.191.

### *No-Contact Order*

{¶14} In his second assignment of error, Sanders argues that the trial court erred in imposing a no-contact order with the complaining witness as part of his sentence. The state concedes that the no-contact order is impermissible because Sanders was sentenced to a term of imprisonment rather than community control. We note that the trial court imposed the no-contact order outright, rather than making a recommendation that it be included as a condition of Sanders's postrelease control.

{¶15} "We have previously held that a no-contact order is a community-control sanction. It is contrary to law for a court [to] impose a prison term and a community-control sanction for the same offense. Where a court imposes both types of sanctions, the proper remedy is to vacate the no-contact portion of the sentence." (Internal citations and quotation marks omitted.) *State v. Patrick*, 1st Dist. Hamilton No. C-220049, 2022-Ohio-4171, ¶ 8-9. "The General Assembly intended prison and community-control sanctions as alternative sentences for a felony offense. Therefore, we hold that as a general rule, when a prison term and community control are possible sentences for a particular felony offense, absent an express exception, the court must

5

impose either a prison term or a community-control sanction or sanctions." *State v. Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d 512, ¶ 31.

**{¶16}** In this case, the trial court imposed both a prison term and a no-contact order. The imposition of a no-contact order in addition to a prison sentence is contrary to law. We therefore sustain Sanders's second assignment of error and vacate the no-contact order imposed by the trial court.

### *Conclusion*

**{¶17}** Sanders's two assignments of error are sustained. Accordingly, we vacate the trial court's no-contact order, reverse the postrelease-control portion of Sanders's sentence, and remand the cause for the limited purpose of holding a notification-of-postrelease-control hearing pursuant to R.C. 2929.191. We affirm the trial court's judgment in all other aspects.

Judgment accordingly.

**CROUSE, P.J.,** and **WINKLER, J.,** concur.

Please note:
    The court has recorded its own entry on the date of the release of this opinion.