**[Cite as *State v. Stroud*, 2024-Ohio-933.]**

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-230453 |
| | | C-230454 |
| Plaintiff-Appellee, | : | TRIAL NOS. B-2106248 |
| | | B-2301133 |
| | : | |
| vs. | | |
| | : | *O P I N I O N.* |
| STEPHON STROUD, | : | |
| Defendant-Appellant. | : | |


Criminal Appeals From:  Hamilton County Court of Common Pleas

Judgments Appealed From Are: Affirmed in Part, Sentences Reversed in Part, and
Cause Remanded for Resentencing

Date of Judgment Entry on Appeal: March 15, 2024


*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Paula E. Adams*,
Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller,* Hamilton County Public Defender, and *David Hoffmann*,
Assistant Public Defender*,* for Defendant-Appellant.

**CROUSE, Judge.**

**{¶1}** Defendant-appellant Stephon Stroud pled guilty to failing to verify his current address and aggravated possession of drugs and was sentenced to a two-year period of community control for each offense. Stroud subsequently pled guilty to violating his community control. The trial court revoked Stroud's community control and imposed an aggregate sentence of three years of imprisonment.

**{¶2}** Stroud now appeals from the trial court's judgments revoking his community control and imposing sentence. In two assignments of error, he argues that the sentences imposed by the trial court were contrary to law and that the trial court violated his right under Crim.R. 43(A) to be present during sentencing. Following our review of the record, we hold that the trial court erred by failing to impose the sentence for aggravated possession of drugs in Stroud's presence. The trial court also erred by failing to provide Stroud notice of postrelease control at the sentencing hearing. This cause is remanded for resentencing on the aggravated-possession-of-drugs offense and for the trial court to provide the required postrelease-control notifications. The judgments of the trial court are otherwise affirmed.

## I. Factual and Procedural Background

**{¶3}** In the case numbered B-2106248, Stroud pled guilty to failing to verify his current address, a third-degree felony in violation of R.C. 2950.06. Stroud was sentenced to a two-year period of community control with mentally disordered offender ("MDO") supervision. The trial court informed Stroud at sentencing that if he were to violate his community control, the trial court would impose a sentence of 36 months of imprisonment.

{¶4} In the case numbered B-2301133, Stroud pled guilty to aggravated possession of drugs, a fifth-degree felony in violation of R.C. 2925.11(A). For this offense, the trial court sentenced Stroud to a two-year period of community control with MDO supervision. Stroud was also ordered to complete drug treatment and counseling as recommended. He was informed by the trial court that a sentence of 12 months of imprisonment would be imposed if he violated community control.

{¶5} Approximately one month after sentencing, a community-control sanction violation was filed against Stroud in each case. It alleged that Stroud violated rules one, four, eight, and 11 of his community control by, respectively, sending an inappropriate text message to his probation officer, testing positive for amphetamines, failing to report to his probation officer, and failing to engage with Greater Cincinnati Behavioral Health. At a hearing on the alleged violations, Stroud waived probable cause and pled guilty to violating rules four, eight, and 11. With respect to the alleged violation of rule one pertaining to the inappropriate text message, Stroud maintained that the message had been sent to his probation officer by an acquaintance that was harassing him. The trial court accepted Stroud's explanation and assured him twice that it was taking the text message "off the table." After accepting Stroud's guilty plea, the court imposed sentence, stating that "[t]he sentence is Ohio Department of Corrections three years. CR, credit all days served. Terminate probation."

{¶6} The sentencing entry issued by the trial court in the case numbered B-2106248 for the offense of failing to verify his address stated that Stroud's community control was terminated and that he was sentenced to three years of imprisonment. It further stated that Stroud may be subject to a period of postrelease control for up to two years after his release from prison. In the case numbered B-2301133, for the

offense of aggravated possession of drugs, the sentencing entry stated that Stroud's community control was terminated and that he was sentenced to one year of imprisonment, to be served concurrently with the sentence imposed in the case numbered B-2106248. It also stated that Stroud may be subject to a period of postrelease control for up to two years upon his release from prison.

{¶7}    Stroud now appeals from these entries revoking his community control and imposing a term of imprisonment.

## II. Sentencing

{¶8}    In his first assignment of error, Stroud argues that the sentences imposed were contrary to law.

{¶9}    When reviewing the imposition of a felony sentence, this court cannot vacate or modify the sentence unless it clearly and convincingly finds that the sentence was contrary to law or that the trial court's findings were not supported by the record. *State v. Sanders*, 1st Dist. Hamilton No. C-230131, 2023-Ohio-4551, ¶ 9, citing *State v. Howell*, 1st Dist. Hamilton No. C-200360, 2021-Ohio-2957, ¶ 13; *see* R.C. 2953.08(G)(2). A sentence is contrary to law when it is "in violation of statute or legal regulations at a given time." *Howell* at ¶ 13, quoting *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 34, citing *Black's Law Dictionary* 328 (6th Ed.1990).

{¶10}   The sentences imposed in these cases fell within the available statutory ranges for third- and fifth-degree felony offenses. *See* R.C. 2929.14(A)(3) and (A)(5). Stroud nonetheless contends that the imposed sentences were contrary to law because the trial court punished him for another person's misconduct. He contends that "[t]he trial court falsely assumed Mr. Stroud refused to comply with the terms of community

4

control, and by placing the responsibility for the violations upon Mr. Stroud and not Mr. Grimes [who Stroud asserted sent the text message to his probation officer], the trial court violated Mr. Stroud's right to due process." The record belies Stroud's assertion.

{¶11} First, the trial court did not "falsely assume" that Stroud failed to comply with the terms of his community control. Stroud pled guilty to violating the terms of his community control by testing positive for amphetamines, failing to meet with his probation officer, and failing to engage with Greater Cincinnati Behavioral Health. Stroud accordingly admitted to engaging in these actions, and it is disingenuous for him to now argue that the trial court falsely assumed that he did not comply with the terms of his community control.

{¶12} Second, the trial court accepted Stroud's explanation that he was not responsible for sending the inappropriate text message to his probation officer. It twice assured Stroud that it would not hold him accountable for that action. On this record, we cannot find that the trial court punished Stroud for another person's misconduct.

{¶13} Stroud additionally argues that the one-year sentence imposed for the offense of aggravated drug possession, a fifth-degree felony, was contrary to law because the community-control violations that he committed were technical violations, for which a maximum sentence of 90 days' imprisonment could be imposed.

{¶14} R.C. 2929.15(B)(1)(c)(i) provides that where a prison term is imposed upon an offender found guilty of violating a condition of community control, "[i]f the prison term is imposed for any technical violation of the conditions of a community

5

control sanction imposed for a felony of the fifth degree, the prison term shall not exceed ninety days." The validity of Stroud's argument depends on whether the community-control violations to which he pled guilty were technical or nontechnical, as the limitations contained in R.C. 2929.15(B)(1)(c)(i) only apply to technical violations. *State v. Kernall*, 2019-Ohio-3070, 132 N.E.3d 758, ¶ 12 (1st Dist.).

{¶15} R.C. 2929.15(E) defines the term "technical violation." It provides that a technical violation:

> [M]eans a violation of the conditions of a community control sanction imposed for a felony of the fifth degree, or for a felony of the fourth degree that is not an offense of violence and is not a sexually oriented offense, and to which neither of the following applies:
>
> (1) The violation consists of a new criminal offense that is a felony or that is a misdemeanor other than a minor misdemeanor, and the violation is committed while under the community control sanction.
>
> (2) The violation consists of or includes the offender's articulated or demonstrated refusal to participate in the community control sanction imposed on the offender or any of its conditions, and the refusal demonstrates to the court that the offender has abandoned the objects of the community control sanction or condition.

R.C. 2929.15(E); *see also State v. Elliott*, 1st Dist. Hamilton No. C-220339, 2023-Ohio-1459, ¶ 14. A violation will be deemed nontechnical, on the other hand, if it "concerns a condition of community control that was 'specifically tailored to address' matters related to the defendant's misconduct or if it can be deemed a 'substantive rehabilitative requirement which addressed a significant factor contributing to' the

6

defendant's misconduct." *State v. Nelson*, 162 Ohio St.3d 338, 2020-Ohio-3690, 165 N.E.3d 1110, ¶ 26, quoting *State v. Davis*, 12th Dist. Warren No. CA2017-11-156, 2018-Ohio-2672, ¶ 17-18.

**{¶16}** Stroud pled guilty to violating his community control by testing positive for amphetamines, failing to report to his probation officer, and failing to engage with Greater Cincinnati Behavioral Health. Stroud's failure to engage in mental-health treatment and his use of amphetamines were nontechnical violations. Stroud was convicted of aggravated drug possession, and the requirements that he not use controlled substances and engage in counseling were substantive rehabilitative requirements tailored to address the trial court's specific concerns about Stroud's mental health and his misconduct. *See State v. Castner*, 163 Ohio St.3d 19, 2020-Ohio-4950, 167 N.E.3d 939, ¶ 16 (failure to complete a drug-treatment program was a nontechnical violation); *Kernall*, 2019-Ohio-3070, 132 N.E.3d 758, at ¶ 19 (failure to engage in substance-abuse treatment, which was a substantive rehabilitative requirement specifically tailored to defendant's underlying conduct, was a nontechnical violation); *State v. Whitacker*, 6th Dist. Wood Nos. WD-19-038, WD-19-039, and WD-19-040, 2020-Ohio-4249, ¶ 15 (where defendant was convicted of drug-related offenses, a community-control condition that prohibited drug use was a substantive rehabilitative requirement, and defendant's failure to pass a drug test was a nontechnical violation).

**{¶17}** Stroud's failure to report to his probation officer, however, was a technical violation. The requirement that an offender report to a probation officer facilitates community-control supervision, and "the failure to report to probation fits within the definition of a technical violation in R.C. 2929.15(E)." *Elliott* at ¶ 17.

7

**{¶18}** Because the prison term was imposed upon Stroud for both technical and nontechnical violations, the trial court was not limited to imposing the 90-day period for technical violations set forth in R.C. 2929.15(B)(1)(c)(i). *See Elliott*, 1st Dist. Hamilton No. C-220339, 2023-Ohio-1459, at ¶ 18. The one-year sentence imposed by the trial court was accordingly not contrary to law.

**{¶19}** Stroud last argues that the sentences imposed were contrary to law because the trial court failed to provide notice of postrelease control at the sentencing hearing. The state concedes this argument and agrees that the trial court failed to provide the required postrelease-control notifications.

**{¶20}** "It is settled that 'a trial court has a statutory duty to provide notice of postrelease control at the sentencing hearing' and that 'any sentence imposed without such notification is contrary to law.' " *State v. Gordon*, 153 Ohio St.3d 601, 2018-Ohio-1975, 109 N.E.3d 1201, ¶ 9, quoting *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, ¶ 8, quoting *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, ¶ 23; *see State v. Jackson*, 1st Dist. Hamilton No. C-220458, 2023-Ohio-2208, ¶ 15 ("[I]f a trial court imposes postrelease control, the trial court is required to provide notice at the sentencing hearing."). While the trial court included language in the sentencing entries stating that Stroud may be subject to a period of postrelease control for up to two years upon his release from prison, it provided no notice of postrelease control at the sentencing hearing. Consequently, this cause must be remanded for the trial court to provide the proper notifications.

**{¶21}** The first assignment of error is accordingly sustained in part and overruled in part.

### III. Crim.R. 43

**{¶22}** In his second assignment of error, Stroud argues that the trial court violated his Crim.R. 43(A) right to be present during sentencing.

**{¶23}** Crim.R. 43(A)(1) provides that "the defendant must be physically present at every stage of the criminal proceeding and trial, including the impaneling of the jury, the return of the verdict, and the imposition of sentence, except as otherwise provided by these rules." *See State v. Craig*, 1st Dist. Hamilton No. C-230112, 2023-Ohio-3777, ¶ 39 ("Pursuant to Crim.R. 43(A)(1), the defendant must be physically present at every stage of the criminal proceeding, including the imposition of sentence.").

**{¶24}** At the sentencing hearing, the trial court only announced the sentence imposed for the offense of failure to verify a current address. It did not impose a sentence for the offense of aggravated possession of drugs. The state concedes that the trial court failed to comply with Crim.R. 43(A) when sentencing Stroud for this latter offense.

**{¶25}** Stroud's second assignment of error is accordingly sustained. The sentence imposed for the offense of aggravated possession of drugs must be reversed and this cause remanded for a new sentencing hearing.

### IV. Conclusion

**{¶26}** The trial court erred by failing to impose sentence for the offense of aggravated possession of drugs in Stroud's presence at the sentencing hearing and by failing to provide the required postrelease-control notifications at sentencing. The sentence imposed for aggravated possession of drugs is reversed, and this cause is

remanded for a new sentencing hearing on that offense and for the trial court to provide the required postrelease-control notifications.

Judgment accordingly.

**ZAYAS, P.J.,** and **KINSLEY, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.