[Cite as *State v. Watson*, 2026-Ohio-831.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,           :

                                          Nos. 115151 and 115502

    v.                            :

BRANDON WATSON,                         :

    Defendant-Appellant.          :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED IN PART, VACATED IN PART,
                 AND REMANDED
**RELEASED AND JOURNALIZED:** March 12, 2026

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-24-692419-A, CR-24-692427-A, and CR-24-693938-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, Halie Turigliatti and Eben O. McNair, Assistant
Prosecuting Attorneys, *for appellee.*

Flowers & Grube and Louis E. Grube, *for appellant.*

LISA B. FORBES, P.J.:

{¶ 1} Brandon Watson ("Watson") appeals his sentence for various offenses, including robbery and domestic violence. After a thorough review of the

facts and the law, we reverse the trial court's judgment in part, vacate Watson's sentence in part, and remand this case for resentencing consistent with this opinion.

## I. Procedural History

### A. Indictments in Three Related Cases

{¶ 2} In the summer of 2024, Watson was indicted in three cases that were resolved together. On June 10, 2024, in Cuyahoga C.P. No. CR-24-692427-A ("Weapons Case"), Watson was charged with Count 1, having weapons while under disability, a third-degree felony, in violation of R.C. 2923.13(A)(2); Count 2, discharge of firearm on or near prohibited premises, a third-degree felony, in violation of R.C. 2923.162(A)(3), with one- and three-year firearm specifications under R.C. 2941.141(A) and 2941.145(A), respectively; Count 3, carrying a concealed weapon, a fourth-degree felony, in violation of R.C. 2923.12(A)(1); and Count 4, improperly handling firearms in a motor vehicle, a fourth-degree felony, in violation of R.C. 2923.16(B). These charges arose from events alleged to have occurred on or about March 10, 2024.

{¶ 3} On June 13, 2024, in Cuyahoga C.P. No. CR-24-692419-A ("April Robbery Case"), Watson was charged with Count 1, robbery, a second-degree felony, in violation of R.C. 2911.01(A)(2); Count 2, robbery, a third-degree felony, in violation of R.C. 2911.02(A)(3); Count 3, grand theft of a motor vehicle, a fourth-degree felony, in violation of R.C. 2913.02(A)(1); Count 4, unauthorized use of a vehicle, a fifth-degree felony, in violation of R.C. 2913.03(B); and Count 5, domestic

violence, a first-degree misdemeanor, in violation of R.C. 2919.25(A). These charges arose from events alleged to have occurred on or about April 27, 2024.

{¶ 4} On July 30, 2024, in Cuyahoga C.P. No. CR-24-693938-A ("July Robbery Case"), Watson was charged with Count 1, aggravated robbery, a first-degree felony, in violation of R.C. 2911.01(A)(1) and Count 2, robbery, a second-degree felony, in violation of R.C. 2911.02(A)(2). Both Counts 1 and 2 were accompanied by one- and three-year firearm specifications under R.C. 2941.141(A) and 2941.145(A), respectively. Counts 1 and 2 also both included a notice-of-prior-conviction specification under R.C. 2929.13(F)(6) and a repeat-violent-offender specification under R.C. 2941.149(A). Watson was also charged with Count 3, theft, a fifth-degree felony, in violation of R.C. 2913.02(A)(1), with a one-year firearm specification under R.C. 2941.141(A); and Count 4, domestic violence, a first-degree misdemeanor, in violation of R.C. 2919.25(A). These charges arose from events alleged to have occurred on or about July 20, 2024.

### B. Watson's Guilty Plea

{¶ 5} On October 30, 2024, the court held a plea hearing, at which Watson pled guilty in all three cases. In the Weapons Case, Watson pled guilty to Count 1, having weapons while under disability, and amended Count 2, discharge of firearm on or near prohibited premises, a third-degree felony, in violation of R.C. 2923.162(A)(3), with a one-year firearm specification under R.C. 2941.141(A). The State nolled all other counts and specifications.

{¶ 6} In the April Robbery Case, Watson pled guilty to amended Count 2, attempted robbery, a fourth-degree felony, in violation of R.C. 2923.02 and 2911.02(A)(3), and Count 5, domestic violence. Regarding Count 5, Watson agreed to no contact with the victim. All other counts were nolled.

{¶ 7} In the July Robbery Case, Watson pled guilty to amended Count 2, robbery, a third-degree felony, in violation of R.C. 2911.02(A)(3), and Count 4, domestic violence. Regarding Count 4, Watson agreed to no contact with the victim. All other counts and specifications were nolled.

### C. Sentencing and This Appeal

{¶ 8} On November 20, 2024, the trial court held a sentencing hearing regarding all three cases. Pertinent to this appeal, during the hearing, the court announced, "In case 693938 [the July Robbery Case] 36 months to be imposed on Count Two, followed by 180 days on Count Four [for domestic violence] . . . then in case 692419 [the April Robbery Case], I'm going to sentence you to 18[]months." The court also ordered that Watson serve his prison terms consecutively to one another, stating, "I'm going to order that all counts run consecutively in each case for a total sentence of 11 and a half years . . . ." The court addressed its reason for imposing consecutive sentences as follows: "The harm was so great or unusual that a single term does not adequately reflect the seriousness of the conduct here. Additionally, your criminal history shows that consecutive terms are needed to protect the public."

{¶ 9} Also on November 20, 2024, the trial court issued journal entries concerning Watson's sentence in all three cases. Pertinent to this appeal, the journal entry related to the April Robbery Case reflected that the court had sentenced Watson to an 18-month term of imprisonment on Count 2 for attempted robbery and "Count 5: M1, 180 Day(s)." The journal entry also noted that Watson's 18-month sentence was to run consecutively to the sentences imposed in the Weapons Case and in the July Robbery Case. The court stated that it "impose[d] prison terms consecutively," based in part on its finding that

> [a]t least two of the multiple offenses were committed in this case as part of one or more courses of conduct, and the harm caused by said multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of defendant's conduct.

{¶ 10} The journal entry related to the July Robbery Case reflected that Watson's sentence on Count Two, robbery, was 36 months' incarceration, and on Count Four, domestic violence, was 180 days' incarceration. Further, the journal entry explained that the 36-month sentence on Count 2 was to run consecutively to the sentences in the Weapons Case and the April Robbery Case. The court reiterated the "course of conduct" findings identified in the sentencing entry for the April Robbery Case.

{¶ 11} Similarly, in the journal entry concerning the Weapons Case, the court ordered Watson to serve his sentence consecutively to the sentences in the April Robbery Case and the July Robbery Case, making the same consecutive-sentencing findings.

{¶ 12} Watson appeals, raising the following assignments of error:

1. The trial court erred by journalizing a harsher sentence in the April robbery case than it imposed during Watson's sentencing hearing in violation of Crim.R. 43(A), U.S. Const., Amend XIV, and Ohio Const., Art. I, § 10.

2. The trial court erred by running Watson's misdemeanor sentences consecutively to his felony sentences in violation of R.C. 2929.41(A).

3. The trial court's consecutive sentencing orders are contrary to law because the court failed to make its "courses of conduct" finding during Watson's sentencing hearing.

4. The trial court erred by imposing consecutive sentences because its course of conduct findings under R.C. 2929.14(C)(4)(b) clearly and convincingly lack support in the record.

5. The trial court erred by imposing consecutive sentences because its "history of criminal conduct" finding under R.C. 2929.14(C)(4)(c) clearly and convincingly lacks support in the record.

## II. Law and Analysis

### A. Assignment of Error No. 1 — Watson's Sentence for his Domestic-Violence Conviction in the April Robbery Case

{¶ 13} Regarding the April Robbery Case, Watson asserts that the court erred by sentencing him for his domestic-violence conviction in its journal entry after failing to do so during the sentencing hearing. The State concedes that "the trial court failed to impose a sentence on Count Five in [the April Robbery Case], which was the Domestic Violence misdemeanor." We find that the record supports this assignment of error.

{¶ 14} R.C. 2953.08(G)(2) addresses appellate review of sentencing, providing that the court of appeals "shall review the record, including the findings underlying the sentence . . . given by the trial court." This court may "increase,

reduce, or otherwise modify a sentence . . . [or] vacate the sentence and remand the matter to the sentencing court for resentencing" if it "clearly and convincingly finds" that the sentence is otherwise contrary to law. R.C. 2953.08(G)(2)(b).

{¶ 15} Pursuant to Crim.R. 43(A)(1), "the defendant must be physically present at every stage of the criminal proceeding . . . including . . . the imposition of sentence, except as otherwise provided by these rules." "A trial court cannot impose a sentence in the sentencing entry that differs from what it imposed at the sentencing hearing." *State v. Sandidge*, 2020-Ohio-1629, ¶ 6 (8th Dist.), citing *State v. Vaughn,* 2016-Ohio-3320, ¶ 18 (8th Dist.). Where a court does not impose a sentence for an offense at the sentencing hearing but does include a sentence for that offense in the journal entry, the sentence in the journal entry must be reversed and the matter remanded for a new sentencing hearing. *See State v. Goines*, 2017-Ohio-8172, ¶ 44-46 (8th Dist.). *See also State v. Stroud*, 2024-Ohio-933 (1st Dist.) (case remanded for resentencing where trial court did not impose a term of imprisonment at hearing but did include one in the sentencing entry); *State v. Patrick*, 2013-Ohio-3821, ¶ 11 (4th Dist.) (sentence contrary to law where the sentence announced in open court differed from that in the sentencing entry); *State v. Vanscoy*, 2014-Ohio-3482, ¶ 23 (9th Dist.) (vacating portion of defendant's sentence that was identified in the sentencing entry but was not ordered at the sentencing hearing).

{¶ 16} During the sentencing hearing, concerning the April Robbery Case, the court stated: "I'm going to sentence to you 18[]months." As discussed, in that

case, Watson pled guilty to two charges — attempted robbery and domestic violence. The court did not specify on which of these two offenses it imposed the 18-month prison term. However, we note that an 18-month prison term would exceed the allowable sentence for Watson's domestic-violence conviction. *See* R.C. 2929.24(A)(1) (regarding a conviction for a first-degree misdemeanor, "the court shall impose a definite jail term" of "not more than one hundred eighty days"). An 18-month sentence would be allowable for attempted robbery. *See* R.C. 2929.14(A)(3)(b) (The prison term for a fourth-degree felony "shall be a definite term" that cannot exceed "eighteen months.").

{¶ 17} The sentencing journal entry reflects a prison sentence of 18 months on Count 2 for attempted robbery and goes on impose a term of 180 days of incarceration on Count 5 for domestic violence. Notably, at the sentencing hearing, the trial court did not impose any term of incarceration whatsoever in connection with Count 5 for domestic violence.

{¶ 18} Given the foregoing, we find clearly and convincingly that Watson's sentence in the April Robbery Case was contrary to law. Accordingly, assignment of error No. 1 is sustained.

## B. Assignment of Error No. 2 — Consecutive Sentencing for Felony and Misdemeanor Convictions

{¶ 19} In his second assignment of error, Watson asserts that the trial court erred by "running [his] misdemeanor sentences consecutively to his felony sentences, in violation of R.C. 2929.41(A)." We agree.

{¶ 20} R.C. 2929.41 imposes limits on a court's ability to order consecutive sentences. With statutory exceptions that do not apply here, "a jail term or sentence of imprisonment for misdemeanor shall be served concurrently with a prison term or sentence of imprisonment for a felony. . . ." R.C. 2929.41(A). "[P]ursuant to R.C. 2929.41(A)[,] a trial court must impose concurrent sentences for felony and misdemeanor convictions unless the exception within R.C. 2929.41(B)(3) for certain motor vehicle offenses applies." *State v. Studgions*, 2016-Ohio-4701, ¶ 3 (8th Dist.), citing *State v. Polus*, 2016-Ohio-655. This court remanded *Studgions* for further proceedings upon finding that the trial court erred by imposing 11-year and 180-day terms of incarceration on aggravated-robbery and child-endangering convictions, respectively, and ordering that the defendant serve these terms consecutively. *Id.* at ¶ 2.

{¶ 21} During Watson's sentencing hearing, the court stated, "I'm going to order that all counts run consecutively in each case . . . ." Because Watson was sentenced for misdemeanor domestic violence as well as various felony offenses, running all counts consecutively violated R.C. 2929.41(A). Moreover, in connection with the July Robbery Case, the trial court stated explicitly that the 180-day misdemeanor sentence "followed" the 36-month sentence on the felony robbery charge.

{¶ 22} We note that the trial court's journal entries in the April Robbery Case and the July Robbery Case, both of which included sentences for Watson's plea of guilty to at least one felony along with one misdemeanor domestic-violence charge,

do not reflect that the misdemeanor and felony sentences are ordered to run consecutively to one another. However, as addressed in assignment of error No. 1, "A trial court cannot impose a sentence in the sentencing entry that differs from what it imposed at the sentencing hearing." *Sandidge*, 2020-Ohio-1629, at ¶ 6.

{¶ 23} Given the foregoing, we find clearly and convincingly that Watson's sentences in the April and July Robbery Cases were contrary to law. Accordingly, assignment of error No. 2 is sustained.

### C. Assignment of Error No. 3 — Consecutive-Sentencing Findings Under R.C. 2929.14(C)(4)

{¶ 24} Watson argues that the court failed to make the required findings under R.C. 2929.14(C)(4) to impose consecutive sentences. We agree.

{¶ 25} A defendant's multiple prison sentences are presumed to be served concurrently unless the trial court makes the required findings to support consecutive sentences under R.C. 2929.14(C)(4). R.C. 2929.41(A); *State v. Jones*, 2024-Ohio-1083, ¶ 11. "[T]o impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry . . . ." *State v. Bonnell*, 2014-Ohio-3177, ¶ 37. Pursuant to R.C. 2929.14(C)(4), the court must find that consecutive sentences are "necessary to protect the public from future crime or to punish the offender"; "not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public"; and at least one of the following three factors:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction . . . or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 26} Regarding R.C. 2929.14(C)(4)(b), this court has stated,

The statute requires the trial court to find both that (1) the offenses were committed as one or more courses of conduct, *and* (2) that the harm caused was so great or unusual that a single prison term is not an adequate reflection on the seriousness of the conduct.

(Emphasis in original.) *State v. McKinney*, 2019-Ohio-1118, ¶ 60 (8th Dist.). "The trial court [is] required to make both findings, if warranted, before finding that R.C. 2929.14(C)(4)(b) [is] satisfied." *Id.*; *accord State v. Percy*, 2021-Ohio-1876, ¶ 14 (8th Dist.) (Case remanded for resentencing where the court imposed consecutive sentences based on its assessment of harm to the victim but "failed to find that offenses were committed as one or more courses of conduct.").

{¶ 27} In its journal entries, the court included the full text of R.C. 2929.14(C)(4)(b) to support its imposition of consecutive sentences. During Watson's sentencing hearing, however, the court explained that it was imposing consecutive sentences because "[t]he harm was so great or unusual that a single term does not adequately reflect the seriousness of the conduct here." We find that, as in

*McKinney*, the court failed to find that at least two of Watson's multiple offenses were committed as part of one or more courses of conduct under R.C. 2929.14(C)(4)(b). While the court acknowledged during the hearing that Watson had a criminal history, it made no such finding in its sentencing journal entry. Given the foregoing, we find clearly and convincingly that the imposition of consecutive sentences was contrary to law. Accordingly, we find that assignment of error No. 3 is sustained.

### D. Assignments of Error Nos. 4 and 5 — Record Support for the Court's Imposition of Consecutive Sentences

{¶ 28} For convenience, we address together assignments of error Nos. 4 and 5, in which Watson asserts that the record did not support the trial court's imposition of consecutive sentences based on his "courses of conduct" and causation of "great or unusual harm" under R.C. 2929.14(C)(4)(b) or his "criminal history" under R.C. 2929.14(C)(4)(c). We find that assignments of error Nos. 4 and 5 are moot and thus overruled in light of our resolution of the other assignments of error. Having found above that the court failed to make the findings under R.C. 2929.14(C) required to impose consecutive sentences, we render no opinion as whether the record supported a consecutive-sentencing order.

{¶ 29} Having sustained assignments of error Nos. 1, 2, and 3, judgment reversed in part. Watson's sentence in the April Robbery Case is vacated, and this matter is remanded to the trial court for resentencing consistent with this opinion. Watson's sentences in the July Robbery Case and the Weapons Case are vacated in part. The July Robbery Case is remanded for the limited purpose of addressing the

consecutive-sentence requirements set forth in R.C. 2929.41 and 2929.14(C)(4), as appropriate. The Weapons Case is remanded to the trial court for the limited purpose of addressing the consecutive-sentence requirements set forth in R.C. 2929.14(C)(4), as appropriate. All other aspects of the sentence imposed in the journal entries and not addressed in this opinion remain intact.

{¶ 30} Judgment reversed in part, vacated in part, and remanded to the trial court for further proceedings consistent with this opinion

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LISA B. FORBES, PRESIDING JUDGE

EMANUELLA D. GROVES, J., and
EILEEN A. GALLAGHER, J., CONCUR